IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEMOND TERRELL BRADY, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. H-19-1850 |
| § | |
| KIM OGG, *ET AL.*, § | |
| § | |
| *Defendants.* § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a pretrial detainee in custody of the Harris County Sheriff's Office, filed this *pro se* section 1983 lawsuit naming as defendants Harris County District Attorney Kim Ogg, Harris County Sheriff Ed Gonzalez, Texas Governor Greg Abbott, and Texas Attorney General Ken Paxton (collectively the "Texas Defendants"). (Docket Entry No. 1, pp. 2–3.) Within his complaint, plaintiff also mentions Winnebago County (Illinois) and State of Illinois government officials and employees (collectively the "Illinois Individuals"), and employees of Prisoner Transportation Services of America, LLC, also known as U.S. Corrections, LLC ("PTS"). He does not expressly list the Illinois Individuals or PTS as named defendants. *Id.*

Having screened the complaint under sections 1915 and 1915A, the Court orders this lawsuit DISMISSED WITHOUT PREJUDICE for the reasons explained below.

*Background and Claims*

Plaintiff alleges that the Illinois Individuals unlawfully "kidnapped" and detained him in Chicago, Illinois, in October 2018 as a fugitive under a governor's warrant. He was then transferred to Winnebago County for six weeks, after which time he was released to PTS for transport to Houston, Texas. PTS is a private prisoner transportation company incorporated in the State of Tennessee and based in Nashville, Tennessee.

Plaintiff alleges that, during the six-day transport to Houston, he was denied his prescribed medications and had a seizure, and that his restricted confinement in the transport van caused "bumps, bruising, abrasions, and chaffing." He complains that he had to urinate into a portable container while in the van, and that accommodations were uncomfortable and caused numbness. Plaintiff states that upon his arrival in Houston, he was unlawfully detained under invalid criminal charges. Plaintiff does not identify any specific judicial relief being sought in this lawsuit (Docket Entry No. 1, p. 12, section VI), although he makes a general reference to recovery of monetary damages. *Id*., p. 11.

Plaintiff remains in pretrial detention in Harris County, Texas, pending disposition of felony charges for aggravated sexual assault, aggravated kidnapping, and robbery threats.

*Legal Standards*

Because plaintiff is a pretrial detainee seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam).

Because he proceeds *in forma pauperis*, his complaint is also subject to screening under section 1915(e)(2). Both sections 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds that it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

Under section 1915(e)(2)(B)(i), the Court may dismiss an *in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

### *Illinois Individuals*

Plaintiff alleges that Illinois Governor J.B. Pritzker illegally confined him in Chicago, Illinois; that Illinois Attorney General Kwame Raoul "kidnapped" him and returned him to Texas under invalid charges; and that Winnebago County (Illinois) Sheriff Gary Caruana and Chief Deputy Mark Karner unlawfully detained him on unlawful criminal charges. The Court takes judicial notice that Chicago is in Cook County, and that the primary city located in Winnebago County is Rockford, Illinois.

Because 42 U.S.C. § 1983 contains no specific venue provision, venue is determined pursuant to 28 U.S.C. § 1391, the general venue statute. Under 28 U.S.C. §§ 1391(b), a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; or (2) a judicial district

3

in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

Plaintiff's allegations against the Illinois Individuals arose within the State of Illinois, not Texas, and venue is not proper in the Southern District of Texas as to any claims and defendants related to those allegations. *See* 28 U.S.C. § 1391(b)(2). However, the Court is hesitant to sever and transfer plaintiff's potential section 1983 claims against the Illinois Individuals because plaintiff did not name them as defendants under section I(B) of the complaint. To the contrary, plaintiff's allegations as to the Illinois Individuals are specifically pleaded under section II of the complaint as "Basis of Jurisdiction." (Docket Entry No. 1, p. 4.) In light of this discrepency and uncertainty, the Court concludes that plaintiff should be allowed to determine the scope and nature of the claims being raised in his lawsuit.

To the extent plaintiff may have intended to name the Illinois Individuals as defendants in this lawsuit, the claims are DISMISSED WITHOUT PREJUDICE so that plaintiff may raise and pursue the claims in a court of appropriate jurisdiction and venue.

### *PTS*

Plaintiff states that his prisoner transport by PTS originated in Winnebago County, Illinois, and terminated six days later in Houston, Texas. (Docket Entry No. 1, p. 7).

Plaintiff states that during the transport, he was denied his medications and had a seizure in Benton, Missouri. He was taken to a nearby hospital, treated, and released after

four hours. He further states that he incurred "bumps, bruising, abrasions, and chaffing" during the transport, lost sleep, experienced numbness, and was required to urinate into a disposable bottle in lieu of restroom breaks.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). That is, section 1983 claims must be brought against a state actor. *Id*.

PTS is a private prisoner transportation company incorporated in the State of Tennessee and based in Nashville, Tennessee. Private corporations, without more, generally do not constitute state actors for purposes of section 1983. Plaintiff pleads no facts supporting an allegation that PTS is a state actor for purposes of section 1983 in this lawsuit. In absence of factual allegations showing that PTS is a state actor for purposes of section 1983 liability, plaintiff's claims against PTS may not go forward. Moreover, plaintiff did not name PTS as a defendant under section I(B) of the complaint, and it is unclear whether he intended to name PTS as a defendant. (Docket Entry No. 1, p. 4.) Plaintiff did not provide an address for service of process as to PTS of America, L.L.C. Plaintiff's claims against PTS are DISMISSED WITHOUT PREJUDICE for failure to raise a viable claim under section 1983. Plaintiff is granted leave to amend his complaint to plead factual allegations raising a viable claim against PTS for purposes of section 1983. Plaintiff must file his

amended complaint within thirty days from date of this order, utilizing the standardized section 1983 complaint form for *pro se* state inmates.

### *Texas Defendants*

Plaintiff additionally names as defendants Harris County District Attorney Kim Ogg, Harris County Sheriff Ed Gonzalez, Texas Governor Greg Abbott, and Texas Attorney General Ken Paxton (collectively the "Texas Defendants"). A careful review of plaintiff's complaint shows that plaintiff pleaded no factual allegations raising section 1983 claims against the Texas Defendants. In absence of factual allegations raising a claim against them, these defendants must be dismissed from the lawsuit.

Plaintiff's claims against the Texas Defendants are DISMISSED WITHOUT PREJUDICE for failure to raise a viable claim under section 1983. Plaintiff is granted leave to amend his complaint to plead factual allegations raising a viable claim against the Texas Defendants under section 1983. Plaintiff must file his amended complaint within thirty days from date of this order, utilizing the standardized section 1983 complaint form for *pro se* state inmates.

### *Conclusion*

For the reasons stated above, the Court ORDERS as follows:

1. Plaintiff's claims against Winnebago County (Illinois) and State of Illinois government officials and employees are DISMISSED WITHOUT PREJUDICE, subject to being raised and pursued in a lawsuit brought in a court of appropriate jurisdiction and venue.

2. Plaintiff's claims against PTS are DISMISSED WITHOUT PREJUDICE for failure to to raise a viable claim under section 1983. Plaintiff is granted leave to amend his complaint to plead factual allegations raising a viable claim against this defendant. Plaintiff must file his amended complaint within thirty days from date of this order, utilizing the standardized section 1983 complaint form for *pro se* state inmates.

3. Plaintiff's claims against the Texas Defendants are DISMISSED WITHOUT PREJUDICE for failure to raise a viable claim under section 1983. Plaintiff is granted leave to amend his complaint to plead factual allegations raising a viable claim against the Texas Defendants. Plaintiff must file his amended complaint within thirty days from date of this order, utilizing the standardized section 1983 complaint form for *pro se* state inmates.

4. Plaintiff's amended complaint must state the judicial relief being sought in this lawsuit.

5. Plaintiff's failure to comply timely and fully with this memorandum opinion and order will result in dismissal of this lawsuit for failure to prosecute and failure to raise a viable section 1983 claim.

Signed at Houston, Texas, on July __15th__, 2019.

---

Gray H. Miller
Senior United States District Judge