United States District Court
Southern District of Texas
**ENTERED**
June 24, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEMONE DARRELL BRADY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-1850 |
| | § | |
| KIM OGG, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Demone Darrell Brady, a Harris County pretrial detainee who is also known as Demond Brady, Demond Terrell Brady, Demone Brady, and Demone Terrell Brady, filed an amended *pro se* complaint in this section 1983 lawsuit. (Docket Entry No. 10.) He names as defendants Harris County District Attorney Kim Ogg, Harris County Sheriff Ed Gonzalez, Texas Governor Greg Abbott, and Texas Attorney General Ken Paxton (together the "Texas Defendants"), and Joel Brasfield, U.S. Corrections LLC, Prison Transportation Services, Prison Transportation of America, and PTS of America LLC (together the "Non-Texas Defendants"). He proceeds *in forma pauperis*.

Having screened the amended complaint pursuant to sections 1915 and 1915, the Court DISMISSES this lawsuit with prejudice for the reasons that follow.

### *Background and Claims*

Plaintiff claims that he was "kidnaped" and detained in Chicago, Illinois, in October 2018 under an unlawful fugitive warrant for his return to Harris County, Texas. He was

released to PTS, or its affiliates, for transport to Harris County, Texas. PTS and its affiliates are private prisoner transportation companies incorporated or based in the State of Tennessee.

Plaintiff alleges that, during his six-day transport to Harris County by PTS and its affiliates, he was denied his prescribed medications and had a seizure, and that his restricted confinement in the transport van caused bumps, bruising, abrasions, and chaffing. He complains that he had to urinate into a portable container while in the van, and that accommodations were uncomfortable and caused numbness. Plaintiff states that upon his arrival in Harris County, he was unlawfully detained under invalid criminal charges. He seeks monetary damages.

The Court dismissed plaintiff's claims against these defendants without prejudice and with leave to amend. Plaintiff's amended complaint essentially raises the same claims against the defendants as were previously dismissed in his original complaint.

### *Legal Standards*

Because plaintiff is a pretrial detainee seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he proceeds *in forma pauperis*, his complaint is also subject to screening under section 1915(e)(2). Both sections 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds that it is frivolous or malicious, if it

fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

Under section 1915(e)(2)(B)(i), the Court may dismiss an *in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

### *Non-Texas Defendants*

Plaintiff names as the Non-Texas Defendants PTS of America LLC ("PTS"), Prison Transportation of America, Prison Transportation Services, U.S. Corrections LLC., and Joel Brasfield as president of PTS. Plaintiff states that his prisoner transport by the Non-Texas Defendants originated in Winnebago County, Illinois, and terminated six days later in Harris County, Texas. (Docket Entry No. 1, p. 7.)

Plaintiff claims that during the transport, he was denied his medications and had a seizure in Benton, Missouri. He was taken to a nearby hospital, treated, and released after four hours. He further claims that he incurred bumps, bruising, abrasions, and chaffing during the transport, lost sleep, experienced numbness, and was required to urinate into a disposable bottle in lieu of restroom breaks. No factual allegations are pleaded against Joel Brasfield other than an allegation that Brasfield is president of PTS.

To state a viable claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the

alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). That is, section 1983 claims must be brought against a state actor. *Id*.

The Non-Texas Defendants are a corporate president and private prisoner transportation companies incorporated or based in the State of Tennessee. Private corporations, without more, generally do not constitute state actors for purposes of section 1983. Plaintiff pleads no facts supporting an allegation that the Non-Texas Defendants are state actors for purposes of section 1983 in this lawsuit. In absence of factual allegations showing that the Non-Texas Defendants are state actors for purposes of section 1983 liability, plaintiff's claims against them must be dismissed.

The Court dismissed without prejudice plaintiff's pleadings against these defendants in his original complaint, and granted him leave to amend to plead factual allegations raising a viable section 1983 claim against them. Plaintiff's amended complaint fails to plead factual allegations sufficient to support viable section 1983 claims against the Non-Texas Defendants, and the claims are DISMISSED WITH PREJUDICE.

### *Texas Defendants*

Plaintiff names as the Texas Defendants Harris County District Attorney Kim Ogg, Harris County Sheriff Ed Gonzalez, Texas Governor Greg Abbott, and Texas Attorney General Ken Paxton.

Plaintiff claims that Harris County District Attorney Kim Ogg unlawfully procured his return to Harris County and held him under false charges. Plaintiff's claims against defendant Ogg are barred by prosecutorial immunity and will be dismissed. *See Beck v. Tex. State Bd. of Dental Examiners*, 204 F.3d 629, 637 (5th Cir. 2000).

Plaintiff further claims that Texas Governor Greg Abbott "violated plaintiff's constitutional rights by illegal confinement." (Docket Entry No. 10, p. 6.) Plaintiff pleads no factual allegations demonstrating that Abbott had any personal involvement in the events made the basis of this lawsuit, or that he is otherwise subject to liability in this lawsuit under section 1983. Plaintiff's conclusory claim against defendant Abbott is insufficient to raise a viable claim for relief under section 1983 and will be dismissed.

Plaintiff alleges that Texas Attorney General Ken Paxton had plaintiff "unconstitutionally returned to Texas on charges filed and intentionally applied." (Docket Entry No. 10, p. 6.) Plaintiff pleads no factual allegations demonstrating that Paxton had any personal involvement in the events made the basis of this lawsuit, or that he is otherwise subject to liability in this lawsuit under section 1983. Plaintiff's conclusory claim against defendant Paxton is insufficient to raise a viable claim for relief under section 1983 and will be dismissed.

Plaintiff further claims that Harris County Sheriff Ed Gonzalez unlawfully held him under "unconstitutionally brought" charges. (Docket Entry No. 10, p. 6.) Plaintiff pleads no factual allegations demonstrating that Gonzalez had any personal involvement in the events

made the basis of this lawsuit, or that he is otherwise subject to liability in this lawsuit under section 1983. Plaintiff's conclusory claim against defendant Gonzalez is insufficient to raise a viable claim for relief under section 1983 and will be dismissed.

The Court dismissed without prejudice plaintiff's pleadings against these defendants in his original complaint, and granted him leave to amend to plead factual allegations raising viable section 1983 claims against them. Plaintiff's amended complaint fails to plead factual allegations sufficient to support a viable section 1983 claim against the Texas Defendants, and the claims are DISMISSED WITH PREJUDICE.

## *Conclusion*

This lawsuit is **DISMISSED WITH PREJUDICE** for failure to state a viable claim for relief under section 1983 or as barred by immunity. Any and all pending motions are **DISMISSED AS MOOT**.

This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk is to provide a copy of this order to plaintiff and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas, on June 24, 2020.

_____
Gray H. Miller
Senior United States District Judge